**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUAN RAYMUNDO LEMUS GUERRERO et al.,

    Plaintiffs,

v.   Case No. 05-CV-00357-DT

BRICKMAN GROUP, LLC et al.,

    Defendants.
                                    /

**ORDER GRANTING IN PART PLAINTIFFS'**
**"MOTION FOR A PROTECTIVE ORDER TO SET A REASONABLE**
**DATE AND LOCATION FOR THE DEPOSITION OF NAMED PLAINTIFFS"**

Pending before the court is a "Motion for Protective Order to Set a Reasonable Date and Location for the Deposition of Named Plaintiffs" filed by Plaintiffs on November 18, 2005. Defendant Amigos Labor Solutions, Inc. ("Amigos") and Defendants Brickman Group, LLC and Brickman Acquisitions, LTD., d/b/a Lakewood Landscaping (collectively "Brickman") filed their response briefs on December 2, 2005. Having reviewed the motion and the subsequent briefing, the court concludes that a hearing is unnecessary. W.D. Mich. LR 7.2(d). For the reasons stated below, the court will grant in part Plaintiffs' motion.

**I. BACKGROUND**

Plaintiffs are Mexican nationals who performed landscaping and lawn maintenance services for Brickman under the H-2B Alien Labor Certification Program. (Compl. at 1.) Plaintiffs have brought causes of action against Defendants under the Fair Labor Standards Act (29 U.S.C. § 201) and the Working at Point Away From Home

Locality Act (M.C.L.A. § 408.581).  Plaintiffs also claim that Defendants are liable for breach of their contract with Plaintiffs and unjust enrichment.

On November 4, 2005, Defendants gave Plaintiffs notice of their intention to take Plaintiffs' deposition in connection with this lawsuit.  (Pls.' Mot. at Ex. 2.)  Plaintiffs complained that the "notices specified that the depositions were to take place on Monday and Tuesday, November 21 and 22, 2005 at the WMU Conference Center in Grand Rapids, Michigan."  (*Id.* at 2.)  On November 9, 2005, Plaintiffs' counsel stated in a letter to Defendants that Plaintiffs would have a difficult time traveling to Michigan for depositions and offered to make Plaintiffs available for depositions near their current residences, or alternatively, to make Plaintiffs available for telephone or video conference depositions.  (*Id.* at Ex. 3.)  Defendants, however, did not agree to Plaintiffs' offer, and in a letter dated November 11, 2005, asserted that telephone and videoconferencing are not appropriate in this case.  (*Id.* at Ex. 4.)

On November 14 and 16, 2005, the parties attempted to reach an agreement in this matter.  (*Id.* at 3.)  After negotiations between the parties failed, Plaintiffs brought the issue before the court.

## II.  STANDARD

Federal Rule of Civil Procedure 26(c) provides in relevant part that:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

2

Fed. R. Civ. P. 26 (c).  Specifically, under Rule 26, the court may make any order to protect a party or a person so "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."  Fed. R. Civ. P. 26(c)(2).  Rule 26, however, allows limitations upon discovery only "for good cause shown."  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (internal citations omitted).  To establish good cause there must be a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Gulf Oil. Co. v. Bernard*, 452 U.S. 89, 102, n. 16 (1981) (quoting 8 C. Wright and A. Miller, Federal Practice & Procedure: § 2035, p. 265 (1970)).

### III.  DISCUSSION

Plaintiffs assert that they have good cause for asking for "a protective order protecting them from having to personally appear in Michigan for depositions."  (Pl.'s Mot. at 1.)  Plaintiffs contend that "[i]n order to attend depositions in Michigan, the Plaintiffs would have to obtain a Visa, travel from Irapuato, Mexico to Grand Rapids, Michigan, undertaking the substantial financial burden in obtaining documentation and transportation, and suffer loss of income from the time spent traveling."  (*Id.* at 4.)  Plaintiffs assert that "[o]btaining a visa to enter the United States is an extremely time consuming, expensive and difficult process."  (*Id.*)  Moreover, Plaintiffs assert that "a bus ticket from McAllen, Texas to Grand Rapids, Michigan would cost each plaintiff $321, for a total for the six Plaintiffs residing in Mexico of $1,926" and each "plaintiff would spend approximately 84 hours traveling between Texas and Michigan, covering a distance of 1740 miles."  (*Id.* at 5.)  In sum, Plaintiffs claim that the hardship and the financial burden to Plaintiffs in traveling to Michigan for their depositions outweigh any

3

prejudice to Defendants in traveling to Mexico.  (*Id.* at 7.)

This court, indeed, is convinced that Plaintiffs' arguments are specific and valid reasons to establish good cause for a protective order.  As Plaintiffs are Mexican nationals, and most of them are currently residing in Mexico, both the financial obstacles and the immigration visa issues they face would present considerable hurdles to Plaintiffs.  At the same time, the court recognizes Defendants' desire to have the opportunity to personally observe Plaintiffs' depositions, as Plaintiffs' testimony and credibility are critical to their determination of the future course of this lawsuit.  (Amigos Resp. at 2-3; Brickman Resp. at 4-5.)  The court understands that, as Plaintiffs are purportedly the class action representatives of at least nine hundred other individuals, their depositions would be relevant not only to their own complaints but also to the other persons who belong to this class.  The court, thereby, shares Defendants' belief that only in-person depositions would be sufficient and proper for this case.  Accordingly, if Defendants wish to depose Plaintiffs in this lawsuit, the court orders that any such depositions will occur in Mexico, and Plaintiffs will bear the cost of defense counsel's traveling expenses.[1]

## IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion for Protective Order to Set a Reasonable Date and Location for the Deposition of Named Plaintiffs" [Dkt. # 48] is GRANTED IN

---

[1] This decision is limited to the impact of discovery depositions as currently presented and argued by the parties.  Plaintiffs chose to file their case in the Western District of Michigan, and the court may not decide to exempt them from other requirements of personal appearance in Michigan.

PART. Plaintiffs are ordered to pay or reimburse the reasonable expenses for defense counsel to travel to Mexico in order to take Plaintiffs' depositions. If counsel cannot agree on the method of payment or reimbursement, the court should be notified forthwith. Plaintiffs' depositions are to be arranged to have concluded within 42 days of this order.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 20, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\05-00357.GUERRERO.GrantingInPartPlsMotionForProtectiveOrder.2.wpd