## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

JUAN RAYMUNDO LEMUS GUERRERO, JUAN
ALDACO  MIRANDA, ARTURO ROBERTO
ALVAREZ-LOPEZ,  ROBERTO SAIZ RODRIGUEZ,
ARTEMIO CORIA-CASTRO, JUAN PABLO
ESCAMILLA AVILA, RIGOBERTO
MARTINEZ ROQUE, ENRIQUE ARRIAGA,
OMAR ENRIQUE ARRIAGA, EDGAR ISRAEL
ARRIAGA, individually and on behalf of others,                    Case No. 1:05-cv-357

**PLAINTIFFS,**                              Hon. Robert H. Cleland

**v.**

                                             **PLAINTIFFS' SECOND
                                             AMENDED COMPLAINT**

BRICKMAN GROUP, LLC, a Delaware Corporation          **CLASS ACTION**
BRICKMAN ACQUISITIONS LTD., a Michigan
Corporation d/b/a LAKEWOOD LANDSCAPING,
AMIGOS LABOR SOLUTIONS, INC., ROBERT WINGFIELD JR.,
an individual, JEFFERY WEST, an individual, LLS, INTL.,
INC. a Michigan Corporation, and LLS MEXICO, S de
R.L. de C.V., a Mexican Corporation,

**DEFENDANTS.**

---

## PLAINTIFFS' SECOND AMENDED COMPLAINT

This is a civil action brought on behalf of the named plaintiffs, Mexican nationals, and all

similarly situated H2B workers (hereinafter collectively referred to as "**Plaintiffs**") who

performed landscaping work for defendants Brickman Group, LLC, and Brickman Acquisitions,

Ltd., d/b/a Lakewood Landscaping (hereinafter collectively referred to as "**Employer

Defendants**") in various locations in Michigan during the years of 1999, 2000, 2001, 2002,

2003, 2004, and 2005.  Employer Defendants, through their agents Amigos Labor Solutions,

Inc., Robert Wingfield Jr., Jeffrey West, LLS Intl., Inc. and LLS Mexico S. de R.L. de C.V.

(hereinafter collectively referred to as "**Recruiter Defendants**"), recruited Plaintiffs under the

H-2B Alien Labor Certification Program to perform landscaping and lawn maintenance services.

Plaintiffs complain that the Defendants violated their rights under the Fair Labor Standards Act (FLSA), 28 U.S.C. § 201 *et seq.,* and the Working at Point Away from Home Locality Act, MCLA § 408.581 *et seq.*.  Plaintiffs also contend that Defendants breached their work contract and are liable for unjust enrichment.

## JURISDICTION

This court has jurisdiction over all of Plaintiffs' claims pursuant to 28 U.S.C. §1331 (Federal Question), and 28 USC §1337 (Interstate Commerce).  This Court also has supplemental jurisdiction over Plaintiffs breach of contract, unjust enrichment, and MCLA §408.581 claims pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction).

## PARTIES

1.      Plaintiffs Juan Raymundo Lemus Guerrero, Jun Aldaco  Miranda, Arturo Roberto Alvarez-Lopez,  Roberto Saiz Rodriguez,  Artemio Coria-castro, Juan Pablo Escamilla Avila,  Rigoberto Martinez Roque,  Enrique Arriaga, Omar Enrique Arriaga, and Edgar Israel Arriaga are citizens of Mexico who reside permanently in Mexico. These named Plaintiffs bring this case on behalf of themselves and a class of similarly situated Mexican workers defined as "All persons employed by Lakewood Landscaping under H-2B visas at any time during the period 1999 to 2005."  The named Plaintiffs and the class they seek to represent are hereinafter referred to collectively as "Plaintiffs."

2.      Defendant Brickman Acquisitions, Ltd. was a Michigan Corporation doing business as Lakewood Landscaping during all relevant times.

3.      Defendant Brickman Group, LLC. is a Delaware Corporation that recently merged with Defendant Brickman Acquisitions, Ltd. and now owns and operates Lakewood Landscaping.

4.      Defendant Amigos Labor Solutions, Inc. is a Texas Corporation doing business in Michigan, whose resident agent is Robert J. Wingfield and service of process can be made at 3411 Hood St. Suite 440, Dallas, Texas 75219.

5.      Upon information and belief, Robert J. Wingfield is an individual residing in the state of Texas who is the president and/or owner of Defendant Amigos Labor and who has engaged in business in Michigan.

6.      Defendant LLS Intl., Inc. is a Michigan corporation doing business in Michigan and whose resident agent is Mark R. James and service of process can be made at 380 N. Old Woodward Ave., Suite 300, Birmingham, MI 48009.

7.      Defendant LLS Mexico S. de R.L. de C.V. is a Mexican Corporation doing business in Michigan. On information and belief LLS Intl., Inc., through its common agents, controlled the affairs of its subsidiary LLS, Mexico.  Upon information and belief LLS Mexico is an alter ego of its parent LLS Intl., Inc.

8.      Jeffrey West is an individual who is an officer of LLS Intl. and LLS Mexico and who has engaged in business in Michigan.


## CLASS ALLEGATIONS

9.      Plaintiffs bring this action on behalf of a class of all similarly situated workers defined as "All persons employed by Lakewood landscaping under H-2B visas at any time during the period 1999 to 2005."

10.     With respect to Count I, Plaintiffs bring this action as a collective action under the Fair Labor on behalf of the class defined in paragraph 8 (except only for workers employed during the period 2003 - 2005).  A collective action is appropriate because the employees

described are similarly situated to the named plaintiffs. 29 USC §216 (b); *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

11. Plaintiffs bring Counts II-IV of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined in paragraph 8.

12. Certification of a class of persons who may receive relief pursuant to counts II-IV is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because:

   a. the class is so numerous that it is impractical to bring all its members before this Court. On information and belief the class consists of 900 H-2B workers;

   b. there are questions of law and fact common to the class;

   c. the named plaintiffs' claims are typical of those of the class;

   d. the named plaintiffs will fairly and adequately protect the interests of the class; and plaintiffs have retained counsel experienced in matters of this type;

   e. questions of law common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Testimony and evidence about defendants' employment and recruitment practices will affect and apply to the claims of all class members. Purely individual questions will be restricted to damages questions should liability be established. If no class action is certified, it will make it impractical for individual class members to pursue relief, or may lead to a large number of separate lawsuits, all of which will rely on the same kind of proof and take roughly the same amount of time, causing an unnecessary burden on the courts.

## <u>FACTS COMMON TO ALL COUNTS</u>

13.     Employer defendants applied for and received H-2B Alien Certification in 1999 receiving fifty-eight (58) foreign workers.

14.     Employer defendants applied for and received H-2B Alien Certification in 2000 receiving ninety-five (95) foreign workers.

15.     Employer defendants applied for and received H-2B Alien Certification in 2001 receiving one hundred and forty-eight (148) foreign workers.

16.     Employer defendants applied for and received H-2B Alien Certification in 2002 receiving one hundred and ninety-eight (198) foreign workers.

17.     Employer defendants applied for and received H-2B Alien Certification in 2003 receiving one hundred and sixty-five (165) foreign workers.

18.     Employer defendants applied for and received H-2B Alien Certification in 2004 receiving two hundred and forty (240) foreign workers.

19.     Upon information and belief, employer defendants applied for and received H-2B Alien Certification in 2005 and imported workers pursuant to those visas.

20.     Employer defendants, through their recruiters defendants,  recruited plaintiffs in the State of Guanajuato, Country of Mexico, to work as landscape laborers under H-2B visa status.

21.     At all times relevant to this action, employer defendants were plaintiffs' "employers" within the meaning of the Federal Fair Labor Standards Act (hereinafter "FLSA"), 29 USC § 203(d).

22.     Plaintiffs were recruited by the recruiter defendants in or around their home towns in the state of Guanajuato, Mexico.  They worked for  employer defendants in Michigan for periods of time between February and December of each year between 1999 and 2005.

23.     Specifically Plaintiffs Enrique Arriaga, Omar Enrique Arriaga and Edgar Israel Arriaga were employed as H-2B landscape workers by the employer defendants during 2004, beginning on or about March 2004.

24.     At all times relevant to this action, employer defendants "suffered or permitted" Plaintiffs to work and thus "employed" plaintiffs within the meaning of FLSA, 29 USC §203(g).

25.     At all times relevant to this action, Plaintiffs were "employees" of the employer defendants within the meaning of the FLSA, 29 USC §203(e)(1).

26.     In each of the relevant years, the employer defendants, through their agents the recruiter defendants, offered plaintiffs work contracts that included, *inter alia,* the contract terms set forth in the following documents:

   a.     Application for Alien Certification known as ETA form 750 (hereinafter ETA 750) for each of the relevant years;

   b.     Additional documents submitted to either the INS or the USCIS of the Department of Homeland Security and to the Department of State;

   c.     The regulations governing the H-2B visas, 20 C.F.R. part 655;

   d.     The written disclosure of the terms offered by employer defendants provided to the plaintiffs by recruiter defendants.

27.     Each of the ETA 750 forms submitted to the U.S. Department of Labor included the following certifications:

   a.     "The wage offered equals or exceeds the prevailing wage and I guarantee that if a labor certification is granted, the wage paid to the alien when the alien begins

work will equal or exceed the prevailing wage which is applicable at the time the alien begins work."

b.      "The job opportunity's terms, conditions and occupational environment are not in contrary to Federal, State or Local law."

28.    In each of the relevant years, Plaintiffs signed agreements stating the terms and conditions of employment in Mexico prior to coming to the United States.

29.    The terms and conditions of employment offered by the Defendants induced the plaintiffs to travel from their home to the state of Michigan to work for employer defendants and plaintiffs reasonably relied upon the representations made to them in Mexico by defendants.

30.    Plaintiffs were brought to Michigan in 1999, 2000, 2001, 2002, 2003, 2004 and 2005 to work for the employer defendants.

31.    Each year, in order to get to Michigan to work under their contracts with defendants, plaintiffs incurred expenses that included, but were not limited to, visa fees, travel fees, lodging fees and subsistence during travel from their residence in Mexico to the state of Michigan.  In order to return to Mexico at the end of their work for defendants, plaintiffs had to incur the costs of transportation to the place of recruitment in Mexico.

32.    All of the expenses described in paragraph 31 were primarily for the benefit of the employer defendants.

33.    At least some of the expenses described above were, under Mexican law in effect at the place of recruitment, required to be borne directly by the defendants or their agents as recruiters of Mexican citizens in Mexico for work in the United States.

34.     As a matter of policy that defendants applied to all Plaintiffs, defendants did not reimburse plaintiffs during their first week of work for the in-bound expenses described in paragraph 31 nor did they reimburse plaintiffs for their return transportation expenses during the last week of work.

35.     As a result of the expenses described in paragraph 31 and the defendants' policy not to reimburse those expenses, the plaintiffs did not receive the minimum wage or overtime premium mandated by the FLSA during their first work week or their last work week.

36.     During plaintiffs' employment with defendants, employer defendants  made deductions from plaintiffs' paychecks which included, but were not limited to, rent and uniforms.

37.     Defendants made these deductions without plaintiffs' express written consent for *each* paycheck from which deductions were made.

38.     All of the deductions described in paragraph 36 were primarily for the benefit of the the employer defendants.

39.     Under Duffy v. Gainey Transportation Services, Inc., 193 Mich. App. 221, at 224, 484 N.W.2d 7 at 9 (1992), the court upheld a decision by the Michigan Department of Labor (MDOL) requiring "a separate written consent by the employee for each paycheck from which a deduction is made."  The Michigan Department of Labor was interpreting M.C.L.A §408.477(2) which requires "written consent from the employee for *each* wage payment subject to the deduction...."(Emphasis added)

40.     As a result of the deductions described in paragraph 36 the defendants were unjustly enriched and the plaintiffs were not paid the federal minimum wage and overtime premium for hours worked in excess of forty (40) hours per week during the work weeks in which the deductions were made.

41.	Upon information and belief, Defendants did not provide plaintiffs with hours of employment as promised in their employment contracts.

42.	Upon information and belief, Defendants did not pay plaintiffs the wages promised in the employment contract that induced plaintiffs into traveling to Michigan for work.

43.	Defendants did not pay plaintiffs the federal minimum wage for all hours worked.

44.	Defendants did not pay plaintiffs the prevailing wage for all hours worked.

45.	Defendants owe plaintiffs for these unpaid wages earned

46.	Defendants' failure to pay waged in compliance with the Fair Labor Standards Act was willful.

## <u>COUNT I</u>

### <u>Violation of the Federal Fair Labor Standards Act,  29 USC § 201 et. seq.</u>

47.	Plaintiffs incorporate by reference paragraphs 1 through 45.

48.	The FLSA requires an employer to pay employees the federally mandated minimum wage of $5.15 per hour. 29 USC §206.

49.	Employer defendants violated the FLSA by making unlawful deductions that drove plaintiffs' effective wages below the applicable minimum wage.

50.	Employer defendants violated the FLSA by failing to reimburse the plaintiffs for expenses, which were primarily for the benefit of employer defendants, incurred by plaintiffs during their first and last weeks of work.

51.	Employer defendants violated this section by failing to pay the plaintiffs the minimum wage for all hours worked.

52.	The FLSA, 29 USC §207, provides that an employer pay an employee one and a half times the employee's regular rate for hours in excess of forty hours per week.

53.     Employer defendants did not pay plaintiffs at a rate of one and a half times their regular rates for hours worked in excess of forty hours.

54.     The FLSA, 29 USC § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his/her unpaid minimum wages, unpaid overtime compensation, plus an additional equal amount in liquidated damages, costs of court, and reasonable attorney fees.

## Count II

## Violation of the Working at Point Away From Home Locality Act, MCLA §408.581 et seq.

55.     Plaintiffs incorporate by reference paragraphs 1- 54.

56.     The Working at Point Away from Home Locality Act, MCLA §408.581 et seq, states that the terms and conditions of employment in an offer of employment made to a person "at a point away from his or her home locality" shall be in writing.

57.     Employer defendants and recruiter defendants induced plaintiffs to accept the offer to work "by promise of wages or other valuable consideration...at a point away from [their] home locality" and failed to specify in writing the terms and conditions of employment as it pertained to the payroll deductions, wages and hours worked at the point of recruitment.  MCLA §408.581 et seq.

58.     Employer defendants and recruiter defendants  misrepresented the conditions of employment as they pertained to the wages offered, hours to be worked, payroll deductions and other miscellaneous items.

59.     The Working at a Point Away from Home Locality Act, M.C.L.A §408.581 et seq., provides that if any misrepresentation is made as to any of the conditions of employment

covered under the act, the employer "shall be liable to pay to the person injured by such misrepresentation, the full amount of damage sustained."

## COUNT III

### Breach of Contract

60.  Plaintiffs incorporate by reference paragraphs 1-59.

61.  The employer defendants recruited plaintiffs to work in Michigan doing landscaping and lawn maintenance.

62.  At the time of recruitment, employer defendants, through recruiter defendants, offered Plaintiffs employment and made promises and representations regarding that employment.

63.  Plaintiffs agreed to these terms.  Based on this agreement and accepting the employer defendants' offer of employment, plaintiffs left their families and traveled from Mexico to the employer defendants' place of business in Michigan and presented themselves for work.

64.  The employer defendants breached the employment contract by failing to comply with the promised terms and conditions of employment.

65.  The employer defendants are therefore liable to the plaintiffs for actual, incidental, and consequential damages.

## COUNT IV

### Unjust Enrichment

66.  Plaintiffs incorporate by reference paragraphs 1-65.

67.  Plaintiffs conferred a benefit to the Defendants for the work provided by Plaintiffs during their period of employment.

68.     Plaintiffs conferred a benefit to the Defendants in the form of amounts paid for rent, uniforms, visa fees, and travel fees.  These amounts were unlawfully deducted from Plaintiffs' paychecks or were not reimbursed as required under the law.

69.     Pursuant to Michigan common law, it is inequitable for defendants to retain the benefit of the work performed without appropriately compensating Plaintiffs and for the defendants to retain the benefits of the amounts unlawfully deducted from Plaintiffs paychecks.

70.     Pursuant to Michigan common law, it is inequitable for Defendants to retain the benefit of the money paid directly by the Plaintiffs for costs associated with their securing employment with Defendants which are deemed to have been expended primarily for the benefit of the employer defendants.

71.     As a result of the Defendants' conduct, Plaintiffs have suffered a loss of substantial income.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' requests the following relief:

1.  Certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claims set forth in Count I;

2.  Certifying this case as a class action in accordance with Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II through IV;

3.  Declaring that the Defendants willfully violated the Fair Labor Standards Act and their attendant regulations as set forth in Count II;

4.  Declaring that the defendants violated their obligations under the Fair Labor Standards Act (FLSA), the Working at Point Away From Home Locality Act, along with being found to have breached the employment contract, and to have been unjustly enriched;

5.  Granting judgment in favor of Plaintiffs and against defendants, jointly and severally, on the Plaintiffs' Fair Labor Standards Act claim as set forth in Count I and awarding each of them the amount of his/her unpaid minimum wages, along with an equal amount as liquidated damages;

6.  Granting judgment in favor of Plaintiffs in an amount to be determined at trial for the violations of Counts II, III, and IV;

7.  Awarding Plaintiffs their reasonable attorney fees pursuant to the Fair Labor Standards Act (FLSA), 28 USC§201 et seq.;

8.  Awarding Plaintiffs pre- and post-judgment interest on their damages;

9.  Granting such other and further relief as the Court may deem just or equitable.

Respectfully submitted,

By:/s/ Gregory J. McCoy
          Cunningham Dalman P.C.
          Ronald J. Vander Veen (P33067)
          Gregory J. McCoy (P51419)
          Attorneys for the Plaintiffs
          321 Settlers Road
          Holland, MI 49423

          Teresa Hendricks
          Michigan Migrant Legal Assistance Project, Inc.
          648 Monroe Ave. N.W., Suite 318
          Grand Rapids, MI 49503
          (616) 454-5055

Edward Tuddenham
Tx. Bar No. 20282300
272 W. 107th St. #20A
New York, New York 10025
Tel: 212-866-6026
Fax: 212-866-6026