**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JUAN RAYMUNDO LEMUS GUERRERO et al.,

    Plaintiffs,

v.                                         Case No. 05-CV-00357

BRICKMAN GROUP, LLC et al.,

    Defendants.

                                             /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION, VACATING IN PART THE MARCH 26, 2007 ORDER AND DENYING CERTIFICATION OF A RULE 23 CLASS ACTION**

Pending before the court is Defendants' Motion for Reconsideration of the court's March 26, 2007 opinion and order granting certification of a Rule 23 class action. The court has reviewed the briefs and determined that no hearing is required. W.D. Mich. LR 7.3(d), 7.4(b). For the reasons stated below, the court will (1) grant Defendants' motion for reconsideration, (2) vacate in part the court's opinion and order of March 26, 2007 and (3) deny Rule 23 certification for Plaintiffs' state law claims.

## I. BACKGROUND

Plaintiffs are Mexican nationals who traveled to Michigan from Mexico to perform seasonal landscaping work during the years 1999 through 2005. Defendant Lakewood obtained permission to import these laborers pursuant to the federal government's "H-2B" program. In their complaint, Plaintiffs allege four causes of action: (1) violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, (2) violations of the Working at Point Away from Home Locality Act ("WPAFHLA"), Mich. Comp. Laws §

408.581, (3) Breach of Contract and (4) Unjust Enrichment. (*See* 2nd Am. Compl.)[1]

In their FLSA claim, Plaintiffs allege that they were required to incur several employment-related expenses in order to accept their jobs with Lakewood, including "visa fees charged by the U.S. government, recruitment fees charged by Lakewood's recruiter, transportation costs getting from Mexico to Michigan and back again, uniform costs, and housing costs." (Pls.' Br. for FLSA Class Certification at 3; *see also* Compl. at 7-9.) Plaintiffs allege that "these expenses operated as *de facto* deductions from Plaintiffs' wages for purposes of measuring compliance with the FLSA and that, as a result of these deductions -- which amounted to more than $500 per worker -- Lakewood's H-2B workers failed to earn the minimum wage and overtime premium mandated by the FLSA during each work week." (Pls.' Br. for FLSA Class Certification at 3.)

In its March 26, 2007 order, the court found that the various Plaintiffs were not similarly situated and therefore denied certification for the FLSA claims. (3/26/07 Order at 4-7.) The court noted that at least a few individually named Plaintiffs had FLSA claims that survived, as Defendants conceded in their pleadings. (*Id.* at 10 n.6.) Regarding the state law claims, the court invoked its supplemental jurisdiction to aggregate Plaintiffs' damages to meet the amount in controversy requirement for federal diversity jurisdiction. (*Id.* at 9-17.) Defendants' instant motion challenges this aspect of the court's opinion.

---

[1]Plaintiffs assert that their FLSA claim relates to the years 2003 through 2005 and their last three causes of action relate to the years 1999 through 2005. (*See* Pls.' Br. for FLSA Class Certification at 2.)

Defendants argue that the court erred by aggregating the alleged damages of the named and unnamed Plaintiffs to meet the jurisdictional requirement of sufficient amount in controversy.  (Defs.' Mot. at 11-13.)  In response, Plaintiffs do not directly address this argument and instead claim that federal issues are embedded in their state law claims and that the court should thus exercise supplemental jurisdiction over the state law claims.  (Pls.' Resp. at 6-17.)

## II.  STANDARD

The court should grant a motion for reconsideration upon a showing of a palpable defect by which the court was misled and the correction of which would lead to a different outcome.  W.D. Mich. LR 7.4(a).

## III.  DISCUSSION

The court agrees that it erred when it aggregated Plaintiffs' alleged damages to establish diversity jurisdiction.  Pursuant to the analysis below, correcting this palpable defect will result in a different disposition of Plaintiffs' request for Rule 23 certification.  The court will therefore grant Defendants' motion for reconsideration.

The court relied on *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004), for the proposition that damages may be aggregated to establish federal subject matter jurisdiction over a class action.  The court no longer believes that *Olden* stands for such a proposition.  It was undisputed in *Olden* that the named Plaintiffs met the jurisdictional requirement; the issue, rather, was whether the court should exercise supplemental jurisdiction over the unnamed Plaintiffs who did not meet the amount in controversy requirement.  *Id.* at 499 ("The issue raised in this case is *whether each individual class member in a diversity class action must meet the $75,000 amount in controversy*

3

*requirement*, or whether the plaintiffs may aggregate their damages.") (emphasis added).

> At first blush . . . once could conclude . . . that *Olden* stands for the proposition that a class of plaintiffs need not have one individual satisfy the diversity requirement to establish original jurisdiction if the aggregate of all of the class claims meets the $75,000 statutory minimum. This, however, is an incorrect reading of *Olden.*

*Johnson v. Micron Technology, Inc.*, 354 F.Supp.2d 736, 741 (E.D. Mich. 2005). Further, the United States Supreme Court held that at least one plaintiff must meet the amount in controversy requirement for a federal court sitting in diversity to exercise supplemental jurisdiction over additional plaintiffs who fail to meet the requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549. Because it is clear in this case that none of the named Plaintiffs meet the amount in controversy requirement, the court has no diversity jurisdiction over Plaintiffs' state law claims.

Further, the court does not believe it would be appropriate under the circumstances to exercise supplemental jurisdiction over the state law claims. A district court may decline to exercise supplemental jurisdiction over related state law claims if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).² Because some individual FLSA claims remain, subsection (3) is inapplicable. The court expresses no opinion concerning whether this case raises a novel or complex issue of state law or whether there are other compelling reasons to decline jurisdiction. Regarding subsection (2), the court finds that the state law issues substantially predominate over the remaining federal claims and therefore the high ratio of state to federal claimants in this case counsel against the court exercising supplemental jurisdiction.

Plaintiffs' state law claims consist of allegations of (1) violations of the Working at Point Away from Hope Locality Act, Mich. Comp. Laws § 408.581, (2) breach of contract and (3) unjust enrichment. Despite Plaintiffs' arguments, the court does not believe that any federal issues fundamentally permeate or subsume the two state law causes of action. Plaintiffs contend that their breach of contract claim is predicated upon terms in the federal application for alien certification, known as ETA form 750 ("ETA-750"), and therefore raises issues of federal law concerning the enforceability of ETA-750 and how to construe it. (Pls.' Resp. at 10.) While Plaintiffs' complaint references ETA-750 in its factual allegations, Count III (breach of contract) makes no mention of it as incorporated into the various employment agreements between Plaintiffs and Defendants. (Second Am. Compl. at ¶¶ 26-27, 60-65.) The same is true for Plaintiffs' claim of unjust enrichment (Count IV). ETA-750, further, is a form submitted by employers to the

---

²Because the court did not explicitly consider these factors in its previous order, it rejects Plaintiffs' argument that Defendants' motion for reconsideration should be denied as mere reargument of the supplemental jurisdiction issue.

federal government, and not a contract in the traditional sense between and employer and employee.

Plaintiffs rely upon *Grable & Sons Metal Products, Inc. v. Darue Engineering*, 545 U.S. 308, 314 (2005), to argue that their state claims are imbued with federal issues. *Grable* held that the national interest in providing a federal forum for federal tax litigation is substantial and supports the exercise of federal question jurisdiction over a state quiet title action that necessarily implicated the question of sufficiency of notice under the federal tax code. *Id.* at 310. *Grable* states a narrow exception and the court is not persuaded that Plaintiffs' state claims necessarily implicate any issues of federal law. While Plaintiffs no doubt ground some of their theories of relief upon their view of federal immigration law, the court is mindful that it should not enter that fray without a solid jurisdictional basis. The court does not view ETA-750 or any other aspect of federal immigration law as a necessary and indispensable component of any of Plaintiffs' state law claims. There is no allegation that the parties' contractual agreement included or by its own terms necessarily implicated any federal law or regulation. The record is bereft of any explicit reference in the parties' contract to such law, and the court does not understand that law to enter that domain of its own force. Accordingly, the court concludes that it should not exercise supplemental jurisdiction over the state law claims.

Moreover, there is a significant imbalance in numerosity between the state claims and the remaining individual federal claims. Were the court to uphold its certification of a Rule 23 class, the ratio of state law claimants to individual Plaintiffs with FLSA claims would be approximately 90 to 1. The court concludes that under the circumstances

state issues would predominate over the few remaining federal claims.  In the absence of a significant overlap between the federal and state claims, the limited number of individual FLSA claims still pending before the court cannot serve as a conduit for hundreds of state law claims to be decided in federal court.  For these reasons, the court is persuaded that Defendants have shown a palpable defect the correction of which will lead to a different outcome.  The court therefore must vacate its Rule 23 certification of a class for the state law claims.  The named Plaintiffs with viable FLSA claims are the sole Plaintiffs with a live controversy before the court.

### III.  CONCLUSION

IT IS ORDERED that Defendants' "Motion for Reconsideration" [Dkt # 123] is GRANTED.  With respect to the Rule 23 motion, the court's March 26, 2007 opinion and order is VACATED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' "Motion for Certification of a Rule 23 Class Action" [Dkt. #46] is DENIED.


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522